IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 06-377-9 |
| TERRY HUGHES : | |

SURRICK, J.                                                                                                    AUGUST 23, 2012

**MEMORANDUM**

      Presently before the Court is Defendant Terry Hughes' pro se petition for relief under 28 U.S.C. § 2255 (ECF No. 450 Ex. A).[1] For the following reasons, the Petition will be granted.

**I.     BACKGROUND**

      On July 26, 2007, Defendant was one of ten individuals indicted as part of a conspiracy to commit identity theft and bank fraud. (Indictment, ECF No. 1.) Defendant is identified in the Indictment as a "check runner," responsible for cashing illegitimate checks at bank locations. (*Id*. at ¶¶ 4, 5, 17.) Defendant clashed with his co-conspirators and was assaulted after seeking to withdraw from the conspiracy. (*Id*. at ¶ 20.) Defendant was twenty-one years old at the time of his arrest, indictment, conviction and sentencing, and was eighteen or nineteen years old at the time of many of the acts charged in the Indictment.

      On August 22, 2007, pursuant to a cooperation agreement, Defendant entered a plea of guilty to conspiracy, in violation of 18 U.S.C. § 371, two counts of bank fraud and aiding and

---

    [1] Defendant's counsel also filed a Petition to Correct or Reduce Sentence Pursuant to Federal Rule of Criminal Procedure 35 (Pet., ECF No. 446). Counsel filed a motion to construe this petition under 28 U.S.C. § 2255. (ECF No. 450.) As explained *infra*, § II.A, the Court has elected to treat Defendant's Petition as a motion for writ of habeas corpus made pursuant to 28 U.S.C. § 2255.

abetting, in violation of 18 U.S.C. §§ 1344 and 2, and four counts of aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.  (Min. Entry, ECF No. 166; Guilty Plea Agreement, ECF No. 167.)  Defendant agreed to testify on behalf of the Government against his co-conspirators, and did so at subsequent trials.

On December 21, 2007, the Court sentenced Defendant to time served plus an additional thirty days' imprisonment, to be followed by transfer to a halfway house or rehabilitation facility, as well as forty-two months of supervised release and financial penalties including restitution. (Judgment 2-7, ECF No. 248.)  The Court departed downward from the suggested United States Sentencing Guidelines ("Guidelines") range of 75 to 159 months imprisonment.  (Pre-Sentence Investigation Report ("PSR") ¶ 133.)

Prior to his indictment, Defendant had twice been convicted of crimes.  In November 2005, Defendant pleaded guilty, in Delaware state court, to forgery and attempted theft.  (*Id*. at ¶¶ 95-97.)  In October 2005, Defendant pleaded guilty, in the Philadelphia Court of Common Pleas, to attempted statutory sexual assault and the corruption of minors.  (*Id*. at ¶¶ 98-100.)

Defendant's past is defined by his drug use.  Defendant has been addicted to cocaine, and has used marijuana, heroin, ecstasy and PCP.  (*Id*. at ¶¶ 122-23.)  He has also abused prescription pills and alcohol.  (*Id*. at ¶ 123.)  His frequent relapses have brought him to the attention of the Probation Office and this Court repeatedly for violations of supervised release ("VOSR").  (*See* ECF Nos. 381, 385, 394, 400, 412.)  These violations have stemmed from his drug problem, and have not involved any new criminal activity.

Defendant violated the terms of his supervised release by leaving a residential re-entry center ("RRC"), and a warrant for his arrest was issued on March 10, 2011.  (ECF Nos. 426-27.)

Defendant was subsequently arrested, and a hearing was held on April 7, 2011 to determine how best to proceed.

At his VOSR hearing, all interested parties—the Government, the United States Probation Office, Defendant's counsel and Defendant himself—agreed that a sentence of thirty months' imprisonment would be imposed. (VOSR H'rg Tr. 3-4, ECF No. 434.) Although this sentence exceeded the Guidelines range of three to nine months in prison, Defendant agreed to a lengthier sentence for a single reason: so that he would be admitted to the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). (*Id*. at 4, 7.)[2] Defendant understood that if he completed RDAP, he would receive consideration in the form of a sentence reduction. (VOSR H'rg Tr. 7.) The Court "strongly recommend[ed]" that Defendant be admitted to RDAP. (*Id*. at 8.) At all times, all parties believed and understood that Defendant was willingly accepting a more punitive sentence in order to benefit from RDAP and a sentence reduction if he successfully completed the drug program.

Defendant is currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). In an April 23, 2012 letter, Defendant stated that BOP determined him "to be ineligible for the sentence reduction due to a precluding offense in [his]

---

[2] RDAP is a unique program in that a prisoner who completes it is eligible for a sentence reduction of up to one year. 18 U.S.C. § 3621(e)(2)(B). RDAP is discussed in detail in its implementing regulations. *See* 28 C.F.R. § 550.53. Generally, RDAP eligibility requires a sentence of at least 24 months imprisonment. *See* BOP Program Statement P5330.11, 2.5.8-9 (2009); *Rivera v. Schultz*, No. 09-6133, 2010 U.S. Dist. LEXIS 115108, at *4 (D.N.J. Oct. 27, 2010) (citing BOP internal rules); *Lillie v. Thomas*, No. 11-1309, 2012 U.S. Dist. LEXIS 88699, at *8 (D. Or. June 22, 2012) (same).

criminal history." (April 2012 Letter, ECF No. 450 Ex. A.)[3] The exact reasons for this determination are unclear. However, it is clear that Defendant has not received all the benefits of RDAP, specifically the reduction in sentence associated with the program.

On July 5, 2012, Defendant submitted to the Court, by letter, certificates confirming that he had completed the 500 Hour Residential Drug Treatment Program on June 4, 2012. Defendant also submitted documents indicating that, while incarcerated, he has pursued an array of educational, vocational and spiritual trainings. Defendant's drug treatment counselor further wrote in a letter that Defendant has not violated any rules while incarcerated, is a positive influence on other inmates, and "is generally perceived by treatment staff as genuine in his desire to change his thinking."

On July 26, 2012, Defendant filed this Petition to reduce his sentence. (Pet.) The Government responded, opposing the Petition, on August 9, 2012. (Gov't's Resp., ECF No. 449.) A conference was held with counsel on August 17, 2012. On August 20, 2012, Defendant requested that the April 23, 2012 Letter be treated as a pro se motion pursuant to 28 U.S.C. § 2255. (Def.'s Supp. Pet., ECF No. 450.)

## II.  LEGAL STANDARD[4]

---

[3] We lack jurisdiction to review the BOP's individualized determinations as to RDAP placement and eligibility. *See* 18 U.S.C. § 3625 (provisions of Administrative Procedure Act do not apply to 18 U.S.C. §§ 3621, *et seq.*); *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011). "[I]nmates do not have a protected liberty interest in either RDAP participation or in the associated early release benefit." *Id*. at 1229 n.4. Inmates have no due process right to early release after participating in a rehabilitative program. *Kotz v. Lappin*, 515 F. Supp. 2d 143, 149 (D.D.C. 2007); *see also Grejda v. Longley*, No. 11-184, 2012 U.S. Dist. LEXIS 95885 (W.D. Pa. July 11, 2012).

[4] Defendant has styled the Petition as a motion pursuant to Federal Rule of Criminal Procedure 35. (Pet. 1.) The Government contends that Rule 35 is an inappropriate avenue for

Under 28 U.S.C. § 2255, a convict in federal custody may ask the sentencing court to vacate, set aside, or correct his sentence on the ground that the court had imposed the sentence "in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 is a surrogate for the historic writ of habeas corpus. *See Davis v. United States*, 417 U.S. 333, 344 (1974).[5]

The time has passed for Defendant to file motions for resentencing or to file a direct appeal in the Third Circuit. Accordingly, Defendant's judgment of sentence is final. It is therefore open to re-examination only by collateral attack. We will construe Defendant's Motion as seeking collateral review of his sentence and relief pursuant to 28 U.S.C. § 2255, in accordance with his request.

As the Third Circuit has stated, "Section 2255 does not afford a remedy for all errors that may be made at trial or sentencing . . . The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United*

---

Defendant to seek relief; furthermore, the Government argues that "there is no legally permissible method to grant a sentence reduction in the present circumstances." (Gov't's Resp. 1.) We will therefore examine whether there is a procedural vehicle Defendant can employ to advance his argument.

Federal Rule of Criminal Procedure 35, which permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of sentencing, or reduce a sentence if the defendant "provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35. Although Defendant cites Rule 35, it is not applicable here. (Pet. 1.) Defendant has not provided assistance in investigating or prosecuting another person. More than fourteen days have elapsed since the oral announcement of Defendant's sentence. *See* Fed. R. Crim. P. 35(c). Accordingly, Rule 35 cannot be used to reduce Defendant's sentence.

[5] The writ of habeas corpus is designated for extraordinary circumstances and includes an equitable component. *See* 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 2.2 (5th ed. 2005) (noting that the writ is an "equitable" procedure).

*States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing *United States v. Addonizio*, 442 U.S. 178 (1979)). Thus, relief will not be granted under Section 2255 unless the end result is demonstrated to have been fundamentally unfair.

## III.   DISCUSSION

### A.   28 U.S.C. § 2255's Timeliness Requirement

"A 1-year period of limitation shall apply to a motion under" Section 2255. 28 U.S.C. § 2255(f). The limitation period can run from the latest of several dates; in this instance, the period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[6] Slightly more than fifteen months elapsed between the entry of final judgment against Defendant on April 25, 2011 and the filing of the formal Petition, by counsel, on July 26, 2012. *See* Fed. R. App. P. 4(b) & 26(a)(1) (computing time for finality of judgment in a criminal case). Accordingly, if we were to consider the Petition filed by counsel to be the active motion here, it would have been filed outside the limitations period and would consequently be considered untimely.

However, Defendant brought this matter to the attention of the Court in a pro se letter dated April 23, 2012. This letter asked that Defendant be released "upon completion of the RDAP Program." (April 2012 Letter.) Pro se pleadings are subject to liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," is to be

---

[6] The three other potential starting dates do not apply here. Defendant has not been prevented from making a motion by governmental action, nor does he assert a right that "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(2)-(3). Furthermore, Defendant's claims do not depend on facts which could not have been discovered earlier "through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Accordingly, the only appropriate starting point for these calculations is the date on which his judgment became final.

held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Since federal courts consider pro se prisoner notices and motions to be filed "at the moment of delivery to prison authorities," *Houston v. Lack*, 487 U.S. 266, 268 (1988), it appears that Defendant's filing was properly made within one year of the final entry of judgment.[7] His petition, so construed under 28 U.S.C. § 2255, is timely.

### B.     Merits of Defendant's Section 2255 Claim

It is rare that a defendant stipulates to a harsher sentence than necessary; it is practically unimaginable that a defendant would willingly accept a sentence which is three to ten times harsher than the one suggested by the Guidelines. It is undisputed that Defendant stipulated to such a sentence so that he would get drug treatment for which he would otherwise be ineligible. Defendant did so on the advice of parties who were far more familiar with the workings of the BOP and the criminal justice system than he is: specifically, his attorney, the Government and the Probation Office.

It is clear that Defendant was never eligible to receive the full benefits of RDAP. According to the BOP's implementing regulations, the "Drug Abuse Program Coordinator decides whether to place inmates in RDAP based on the criteria set forth in paragraph (b) of this section." 28 C.F.R. § 550.53(e). One such criterion is that "the inmate must be able to complete all" components of the program, including the transitional drug-abuse treatment in a community-based program required by § 550.3(a)(3). See 28 C.F.R. § 550.53(b)(3). The BOP informed Defendant during his incarceration that he was not eligible for early release into a

---

[7] The Supreme Court has stated that "some procedural rules must give way because of the unique circumstance of incarceration." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

community-based program. (Pet. ¶ 9.)

It appears that Defendant's criminal history, specifically his conviction for statutory sexual assault, precluded him from being considered for early release. "The BOP has identified explicitly the prior convictions that disqualify an inmate for early release," and these include several types of sex offenses. *Lewis v. Daniels*, 528 F. Supp. 2d 1099, 1101 (D. Or. 2007). Specifically, BOP regulations preclude early release of an individual convicted of "an offense that by its nature or conduct involves sexual abuse offenses committed upon minors." 28 C.F.R. § 550.55(4)(vii). Defendant had been previously convicted of attempted sexual assault upon a minor.

Defendant was not eligible for early release. Defendant accepted a thirty-month sentence believing that if he successfully completed the drug treatment program, he would receive the benefit of early release. Defense counsel, counsel for the Government, the Probation Office and the Court all assumed that this was the case. Unfortunately, it was not. At the violation hearing, Defendant was advised that if he did not receive the benefits of the BOP drug treatment program, he should notify counsel and the Court and corrective action would be taken. We will not permit Defendant to be the victim of this mistake. This case speaks to the "fundamental fairness essential to the very concept of justice." *Lisenba v. California*, 314 U.S. 219, 236 (1941). Defendant accepted a significantly harsher sentence with the clear understanding that completing drug treatment would reduce that sentence. Simple justice requires that the Court provide a remedy.

We have, over the course of five years, witnessed Defendant's struggles with drug use. His release from custody will not change the fact that, as counsel stated at his VOSR hearing,

"he's got these demons that he needs to get under control himself." (VOSR H'rg Tr. 4.) Defendant accepted a far more punitive sentence in order to attempt to conquer those demons and solve his drug problem. He successfully completed the drug program and has conducted himself commendably while incarcerated. He should receive the benefit of the sentence that he, his attorney, Government counsel and the Probation Office anticipated.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Petition is granted. Defendant's sentence will be vacated. A new sentence of time served followed by one year of supervised release, the first six months of which will be served at a residential reentry center with follow-up drug treatment, will be imposed.

An appropriate Order follows.

**BY THE COURT:**


/**s**/ _R. Barclay Surrick_
**U.S. District Judge**